(36 South. 557.)

No. 14,980.

BOSSIER v. HERWIG et al.*

(March 14, 1904.)

TAXATION—ENFORCEMENT OF DELINQUENT TAX-ES—EFFECT OF SALE TO JOINT OWNER—COM-MUNITY PROPERTY—RIGHTS OF HEIRS.

1. The adjudication to one of several joint owners of property offered at auction in enforcement of delinquent taxes does not divest the other joint owners of their ownership. The adjudication operates a payment of the taxes for the joint benefit of the owners with the right in the adjudicatee to be reimbursed for his outlays.

2. When the community of acquets and gains is dissolved by the death of the wife, the interest of the wife's heirs attach at once to one undivided half of the community. The fact that the property is held by them subject to the rights of the community creditors does not make their title conditional or contingent.

(Syllabus by the Court.)

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; James M. Thompson, Judge.

Action by Joseph S. Bossier against Philip F. Herwig and others. From a judgment for defendants, plaintiff appeals. Reversed.

Benjamin Moore Miller, for appellant. Girault Farrar, for appellee Mrs. Kuntz.

Statement of the Case.

NICHOLLS, C. J. The plaintiff alleged: That he was the owner of an undivided half interest in certain real estate, which he described. That said lands were acquired jointly with Philip F. Herwig, a resident of the

---

*Rehearing denied May 9, 1904.

parish of Orleans, La., on the 7th day of June, 1887, from Mrs. A. Fortier and Miss M. A. Vignie, as per act recorded in the conveyance office of St. Tammany parish, La., in Book M, page 198. That said lands were assessed in the name of petitioner and said Philip F. Herwig for the year 1896, and were advertised for sale for the nonpayment of the taxes for said year under the following description, to wit, "1,908 acres of land known as the 'Vignie Tract,' on Abita river, in sections 1, 2, and 11 township 7, range 11 east," and on the 17th day of May, 1897, were put up for sale by the tax collector of said parish for the nonpayment of the taxes thereon for the said year of 1896. That petitioner did not pay the taxes assessed upon said lands for the year 1896 for the reason that he was financially unable to do so. That at such tax sale said Philip F. Herwig bought in said lands, and for the purpose of defrauding petitioner, and of attempting to defeat petitioner's title to and ownership of said lands, requested and caused the sheriff and ex officio tax collector to execute a deed of said lands to Mrs. R. E. Kuntz, wife of Emile Kuntz, a resident of the parish of Orleans, La., and who is the daughter of said Philip F. Herwig. That the said tax sale and the tax deed so executed by the tax collector to said Mrs. R. E. Kuntz were null and void for the reason that the description of the lands thereby purported to be sold was not a sufficient or legal description, or a description by which such lands could be identified and their locality ascertained.

Petitioner alleged that, if such tax deed should be held to be good and valid, and the description therein legally sufficient, such deed should nevertheless be canceled and annulled and erased of record, and petitioner recognized to be the owner and entitled to the possession of an undivided one-half interest in and to the lands hereinabove described, because the purchase of such lands at such tax sale by said Philip F. Herwig, who

was a joint owner of said lands with petitioner, was in fraud of the rights of petitioner, and could not legally have the effect to divest petitioner's ownership of such lands, but that the purchase made by said Philip F. Herwig at such tax sale inured to the benefit of said Philip F. Herwig and petitioner as owners of such lands.

He prayed for citation upon Herwig and Mrs. Kuntz and her husband, and for judgment decreeing that the pretended tax deed executed by the sheriff and ex officio tax collector of St. Tammany parish, La., to said Mrs. R. E. Kuntz on the 17th day of May, 1897, might be decreed to be null and void and be canceled, and that petitioner be recognized as the owner of an undivided half interest in and to the lands hereinabove described. And he prayed for all further and necessary relief in the premises, and for costs.

Defendants, after interposing an exception of no cause of action, which was overruled, answered. Herwig specially denied that said Bossier ever did in reality own or acquire any right, title, or interest in said lands, but in truth and in fact the whole of the cash paid as purchase money, as appeared by the authentic act executed before Andrew Hero, Jr., notary of the parish of Orleans, on June 7, 1887, was paid by respondent, and no part of said cash purchase money was paid by said Bossier, and that by said sale title to said land was taken and was placed in the name of said Bossier as tenant in common with respondent merely for convenience, that the whole of the credit portion of the purchase price of said land was paid by respondent at or before the maturity thereof, and that no part of the said credit portion of said purchase price of said land was ever paid by said Bossier either to said vendors or to respondent, and that no consideration in money or other thing of value was ever paid, given, or tendered by said Bossier at the time of said sale or prior thereto, or at any time subsequently to said sale, either to the vendors

of said land or to respondent, as a consideration or price of said sale; nor was respondent, prior to said sale, or at any time thereafter, indebted unto said Bossier in any sum of money whatever, but, on the contrary, said Bossier was at the time of said sale and was now indebted to respondent for cash money advanced to said Bossier in a large sum. That no part of the taxes of the lands described in the petition had ever been paid by said Bossier, but down to the year 1896 the whole amount of the taxes for each year due on said lands was paid by respondent, and no part thereof had ever been repaid or tendered to respondent by said Bossier.

That until the bringing of this suit no pretense or claim had ever been made or set up by said Bossier to respondent's knowledge that said Bossier ever had any right, title, or interest in said land, but, on the contrary, the tax title thereto in the name of Mrs. R. E. Kuntz had stood of record for more than four years, and the said Bossier had to respondent and to many other persons openly disclaimed any right or title to said lands.

That in 1896, the lands in question, with some others, were sold at tax sale for nonpayment of the taxes of 1896, and the same were bought in by Mrs. Rosamond E. Kuntz without any instructions or advice from respondent, and that subsequently thereto the sheriff and ex officio tax collector of St. Tammany parish executed a tax deed of said lands to Mrs. Rosamond E. Kuntz without any request or procurement of respondent. That respondent was advised that said tax deed constituted a good and sufficient title in said lands to Mrs. R. E. Kuntz, and that respondent had now no legal interest therein, and no interest in the suit. He prayed to be hence dismissed, with costs.

Mrs. Kuntz averred that she was the true and legal owner of the property; that she bought the same at tax sale with her own separate paraphernal funds, in good faith, on Saturday, 15th day of May, 1897, and that

a deed thereto in due form of law was executed by the sheriff and ex officio tax collector of the parish of St. Tammany for said lands, and said deed was duly recorded in the parish of St. Tammany on the 23d day of April, 1898, in Conveyance Book T, folios 1, 2, and 3, in the office of the clerk and ex officio recorder of mortgages for said parish. She specially denied that the description of said lands contained in said tax deed is insufficient, vague, or uncertain, but, on the contrary thereof, respondent averred that said description was a certain, legal, and sufficient description of the said lands. Further answering, she denied specially that said lands were bought in at the tax sale for the year 1896 by P. F. Herwig for respondent, or that said P. F. Herwig caused or procured the sheriff and ex officio tax collector to make a deed for said lands to respondent for the purpose of defrauding said Bossier, but, on tne contrary, said Bossier had since the execution of said tax deed requested respondent and her said husband to sell said lands to said Bossier, or to place said lands in the hands of said Bossier for sale on commission. That her ownership of said lands had been open, public, and well known in St. Tammany parish ever since the date of said tax sale; that since the execution of said deed she had fully paid each year all of the taxes thereof, and expenses to prevent depredations by trespassers and timber cutters on said lands, and had received from many persons at sundry times offers to sell said lands and that during the whole of said period of four years no title, right, or interest in or to said lands had ever been set up by said Bossier, and no tender had ever been made to respondent or her said husband of the purchase price paid by her at tax sale for said lands, or of any part thereof, or of any part of the taxes since paid thereon by respondent, and said Bossier was now estopped to set up title thereto, which estoppel and want of tender respondents now specially pleaded.

That said Mrs. Rosamond E. Kuntz purchased said property at said tax sale in order to get immediate title thereto as owner, as well as to protect her eventual and potential interest therein as sole forced heir of her mother, Mrs. Lucy Adrien Costa, wife of Philip F. Herwig, who died in New Orleans, La., intestate, on Friday, March 25, 1892, at 3 o'clock a. m., and by whose death aforesaid respondent inherited a one-half undivided interest in all of the community property belonging to said P. F. Herwig and his said wife, including the lands in question, which were, until the tax sale in question, subject to the usufruct of said P. F. Herwig as survivor in community. And respondent, in further support of her right, title, and interest in said land as purchaser at tax sale, pleaded the prescription of one, three, and five years; and in bar of all claims, demands, and rights of action set up by the plaintiff respondent further pleaded the prescription of six months and that of three years, as established by article 233 of the Constitution of Louisiana adopted in 1898.

She specially denied that said Bossier has now, or ever had, any right, title, or interest in said lands, and would require strict proof thereof. In view of the premises, she prayed for judgment in her behalf rejecting the demand of the plaintiff and quieting her title to said lands, and for full and general relief.

The court rendered judgment in favor of the defendants and against the plaintiff, dismissing the plaintiff's demand, with costs, and plaintiff appealed.

## Opinion.

The issue raised in this case is not so much whether Philip F. Herwig became the adjudicatee at the tax sale, or whether Mrs. Kuntz was such by reason of the fact that the adjudicatee, whoever it was, was a co-owner with himself of the property, but whether the plaintiff, Bossier, had not been divested of his interest in the property. If the adjudi-

catee in fact was a joint owner with plaintiff, and then plaintiff claimed he retained his interest in the property, the tax adjudication to the contrary notwithstanding, that the only effect of the adjudication went no further than to operate a payment of the taxes through the adjudicatee, leaving the latter with a right of reimbursement of the same from the other joint owners, is well founded under the decisions of this court, unless there should be some special reason shown to make this particular case an exception. See Austin v. Bank, 30 La. Ann. 689; Levy v. Levy, 107 La. 589, 32 South. 117; Hake v. Lee, 106 La. 482, 31 South. 54; Fox v. Coon (Miss.) 1 South. 629; Clark v. Lindsey (Ohio) 25 N. E. 422, 9 L. R. A. 740; Hardy v. Gregg (Miss.) 2 South. 358; Johns v. Johns (Ala.) 9 South. 419; Falkner v. Thurmond (Miss.) 23 South. 584; Black, Tax Titles, 141; Am. & Eng. Ency. of Law, vol. 5, pp. 1082–1086.

In plaintiff's petition he maintained that, should the tax proceedings be held valid, the adjudication none the less should be set aside, and himself recognized to be the owner of an undivided half interest in the property because the purchaser of such lands at a tax sale was the defendant Philip F. Herwig, who was a joint owner of the same with him, and who, in fraud of petitioner's rights, had caused the title to the property to be placed in the name of the other defendant, Mrs. Kuntz.

Both of those parties were made defendants on that issue, each defending the case on the grounds shown by the statement which precedes this opinion. There was a conflict in the testimony as to whether Herwig was present at the time of the adjudication or not. The plaintiff testified that he was. Herwig testified that he was not. The district court held, under the evidence, that he was not present. We adopt his conclusion of fact as correct. There is no evidence in the record going to show that Herwig caused the title of the property to be placed in the name of his

112 LA.—18

daughter for the purpose of defrauding the plaintiff.

In the pleadings of Mrs. Kuntz she expressly claimed to have been the purchaser, alleging that she did this in order to get immediate title thereto (to the property in litigation) as owner, as well as to protect her eventual and potential interest therein as sole forced heir of her mother, Mrs. Adrien Costa, wife of Philip F. Herwig, who died in New Orleans, La., intestate, on Friday, March 25, 1902, and by whose death respondent inherited a one-half undivided interest in all of the community property belonging to said Herwig and wife, including the lands in question, which were, until the tax sale in question, subject to the usufruct of said P. F. Herwig as survivor in community.

Plaintiff urges that for the purpose of a determination in his favor of the issue of title which he raises it is immaterial whether he had failed to sustain his averment that Mrs. Kuntz was not the actual adjudicatee, but Herwig was, for the reason that it had been affirmatively shown in that event by the pleadings as well as by the evidence that a joint owner other than Herwig was the adjudicatee; that that fact carried with it, as a consequence, that his claim that he had not been divested of his property was well founded; that it was a matter of no moment legally whether that adjudicatee was Herwig or his daughter; that the extent of the prior interest of the adjudicatee in the property did not affect the question.

The district judge, in his reasons for judgment, says: "The force of this contention does not impress me. The interest that Mrs. Kuntz may have in the community existing between her deceased mother and her father does not make her a co-owner of the property with Bossier. A settlement between them may show that the father has more than paid the share of the heir on liquidating the debts of the community. The property might have

been sold in order to pay the debts of the community. In short, the eventual interest of Mrs. Kuntz in the succession of her deceased mother is too remote and indefinite to constitute a joint ownership.

"The plaintiff has remained silent about his charge of fraud against Herwig, and was on very friendly terms with him, as is shown by his letters and telegrams, until the institution of this suit, five years after the tax sale. He has recognized Mrs. Kuntz as the sole owner of the land, and offered to secure her a purchaser. And in the instant suit he fails to show any fraud on the part of Herwig, who seems to have treated him very kindly. He has failed to support the allegations of his petition, and judgment will be rendered against him."

There are no rights of third parties involved in this litigation. The facts which Mrs. Kuntz advances as going to evidence ratification by plaintiff of the tax adjudication and estopping him from urging his present demand are not legally shown, but, giving full force to the evidence adduced to establish them, we fail to find anything which would estop the plaintiff. If, as a legal fact, the adjudication to Mrs. Kuntz did not carry with it as a result the divestiture of plaintiff's title, nothing has occurred since to alter the resulting situation. Plaintiff's title could not be made to shift from himself to Mrs. Kuntz by any verbal admission and act in pais. There is no necessity for sustaining plaintiff's claim that the tax adjudication to Mrs. Kuntz should be set aside. The contention is that the adjudication to whomsoever made (though maintained) should inure to his benefit.

We do not think that the defendants can contest in this suit the original title of the plaintiff to an undivided half of this property. The property was bought in by authentic act in the names of Philip F. Herwig and the plaintiff. It was assessed in their names, and adjudicated under that assessment as to ownership. The money demands which may have arisen between Herwig and the plaintiff arising out of the purchase is a matter which does not involve the title.

We cannot take the same view in regard to the allegations which Mrs. Kuntz made in her answer as to her connection with this property at the time of the tax adjudication which the district judge did. She expressly averred that by the death of her mother she inherited one-half interest in all of the community property belonging to Herwig and his wife, among which property was that included in this litigation, and that her purpose was to obtain immediate title thereto as owner (the property at that time being subject to the usufruct thereon in favor of her father), and to protect her eventual and potential interest in the community.

She certainly did protect that interest by the adjudication to her from an adjudication to third parties. Not only did she protect her own individual interest in the community, but also the interest of her father and that of Bossier. The adjudication to her preserved the entire property from adjudication to third parties, as it was sold as an entirety. Herwig could, if he thought proper, renounce afterwards, so far as he was concerned, the legal effect of the adjudication and consent to its absolutely cutting off all his rights; but the course he might think proper to pursue could not affect Bossier as to the legal effect of the adjudication.

Mrs. Kuntz claims that there was no privity between herself and Bossier at the time of the adjudication, but we think there was. She herself claims (and her claim is correct) that upon the death of her mother she instantly legally acquired an interest to the extent of the undivided half of the community property. The fact that this interest may be acquired subject or subordinated to

the payment of the community debts does not change the fact of her having title to that extent. The fact that debts may absorb the community property does not make the title conditional or contingent. This court has repeatedly held that, when the community is dissolved by the death of the wife, the interests of the wife's heirs at once attach. German v. Gay, 9 La. 580; Addison v. N. O. Savings Bank, 15 La. 529; Tugwell v. Tugwell, 32 La. Ann. 848; Murphy's Heirs v. Jurey, 39 La. Ann. 785, 2 South. 575; Glasscock v. Clark, 33 La. Ann. 584; Dumestre's Succession, 42 La. Ann. 411, 7 South. 624; Landreaux v. Louque, 43 La. Ann. 234, 9 South. 32.

Defendant's counsel refers to Mrs. Kuntz as the forced heir of her mother, and states suggestively that the rights of the heir are held in suspense until acceptance. There is no issue in this case which raises the question of forced heirship. We think that Mrs. Kuntz's acceptance of the community is unmistakably manifested by her pleadings, but, were it not, we do not think she would be at liberty to let the issues raised in this case be determined upon future contingencies and possibilities, to acquire the ownership of this property on the theory that she might be a third party to the title of the community property, and at some later time accept it with its resulting benefits. She should, in this case, have declared whether she accepted or renounced the succession of her mother, and not left that matter to rest in uncertainty.

It is said that plaintiff is a heavy debtor of Herwig and the community, arising out of the purchase of this very property. The money relations between the parties are, as we have said, not involved in this suit. We are of the opinion that the interest and title which the plaintiff, Joseph S. Bossier, held in and to the properties involved in this litigation at the time of the adjudication of the same to Mrs. R. E. Kuntz was not divested by the adjudication of the same made to her on the 15th of May, 1897, by the tax collector of St. Tammany parish, but that he is still the owner of the same, the said tax adjudication to Mrs. R. E. Kuntz to the contrary notwithstanding; that said adjudication inured to the benefit of all of the joint owners of that property at the time of that adjudication.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from herein is hereby annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the interest and title which the plaintiff, Joseph S. Bossier, held in and to the property in litigation in this suit at the time of the adjudication of the same to Mrs. R. E. Kuntz on the 15th May, 1897, by the tax collector of the parish of St. Tammany was not divested by said tax adjudication; that he still holds said title and interest, the said tax adjudication to Mrs. R. E. Kuntz to the contrary notwithstanding; that the said tax adjudication inured to the benefit of all the joint owners of that property, the moneyed rights and demands between the parties being expressly reserved.