(80 South. 887)

No. 21863.

PARISH v. MACHEN et al.

(Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. TENANCY IN COMMON ⬤═20(1)—PURCHASE AT TAX SALE—EFFECT.

Plaintiff, as tutor of his minor son, who was a part owner by inheritance by his mother and a coheir with his grandmother and other heirs of his grandfather in a house and lot which belonged to community between minor's grandparents, by a purchase at a tax sale of which grandmother had no notice could not acquire title for minor to exclusion of other heirs, and result was to pay taxes, and that purchase inured to benefit of all heirs, in the proportion they owned before the sale.

2. TENANCY IN COMMON ⬤═20(1)—TAX SALE —INTEREST OF COHEIRS.

In such case the rights of parties must be determined at date of tax sale, so that it was immaterial that a family meeting had been called to renounce the interest of a minor heir for whom purchase was made in his mother's succession, which the law (Act No. 114 of 1848) had already accepted for him.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Suit by T. W. Parish, Sr., as tutor of his minor son, T. W. Parish, Jr., against Mrs. A. R. Machen and others, to set aside order for and notations of cancellation on a certain tax deed. Judgment for defendants decreeing the tax sale void, and plaintiff appeals. Affirmed.

Alleging himself to be the natural tutor of his minor son, T. W. Parish, Jr., plaintiff brought this suit against his mother-in-law, Mrs. A. R. Machen, grandmother of the minor, and against the Bank of Winnfield and P. K. Abel, clerk and ex officio recorder, to compel the erasing of an order for and notations of cancellation on a certain tax deed in the records of Winn parish. He set forth that the property had been acquired by him for his said minor son at tax sale on June 10, 1913, for the taxes of 1912, and that title thereto had been perfected by the failure of the tax debtor, Mrs. Machen, to redeem the property within the period provided by law; that the defendant bank had furnished the money for a pretended redemption, without the knowledge or consent of himself as tutor, and which was paid to the sheriff and tax collector without any previous tender to plaintiff, and that the said sheriff had issued a pretended order for the cancellation of said deed, which had been acted upon by the clerk and the tax deed canceled. He asked that the order and notations of cancellation be declared null and void, and that the tax deed be restored and reinstated upon the records of Winn parish.

Plaintiff's petition was filed on the 15th of December, 1914, and on January 20th following an answer was filed, signed by defendant, Mrs. Machen in pro. per., in which all of the allegations of plaintiff were admitted, but formally praying that his demands be rejected. On January 23, 1915, Messrs. Grisham &

Oglesby appeared as attorneys for Mrs. Machen, and filed a pleading in which the court was asked to strike from the record the former answer signed by defendant in person, for the reason that it was "not what she intended to file in this suit and what she wants to file in this suit; that it was presented to her by plaintiff, and, through overpersuasion and without understanding what she was doing, she consented to sign it, and did sign it, and then it was filed." The petition is then answered in detail, and, in addition, it is alleged that plaintiff was without capacity to represent his minor son, because he had never qualified as tutor, and, further, that the value of the property had not been alleged; that the petition disclosed no cause of action; that the property in question belonged to the community existing between respondent and her deceased husband, and that the minor, T. W. Parish, Jr., her grandson, had no interest therein, except such as had been inherited from his deceased mother, who was the daughter of respondent and her late husband, M. F. Machen; that the pretended tax sale and deed thereunder were null and void for the several reasons set forth; and that the Bank of Winnfield had redeemed the property as a creditor of respondent by paying to the sheriff and tax collector the sum of $68.43 for that purpose. It was admitted that no tender had been made by her, but claimed that this was unnecessary for various reasons alleged. In the alternative, the prayer was that, if it should be held that the said property was not legally redeemed, then the said tax deed should be annulled for numerous causes alleged at length.

Defendant bank filed a lengthy answer setting up several defenses, which, under the view we have taken of this case, we consider it unnecessary to mention. P. K. Abel, defendant clerk, seems to have made no appearance, under the theory, we assume, that he was only a nominal party to the litigation.

Between the date of filing the suit and the trial, plaintiff and his counsel repaired to La Salle parish, and provoked proceedings for his qualification as natural tutor for his said minor son.

Numerous other pleas, motions, and exceptions were filed, and either overlooked or disposed of by the lower court, but which we consider it unnecessary to notice here.

The case was eventually tried on its merits, and resulted in a judgment, in effect, rejecting the demands of plaintiff, holding a redemption unnecessary, and, if necessary, that the property had been timely redeemed, and decreeing the tax sale of June 10, 1913, illegal, null, and void.

From this judgment, plaintiff has appealed.

George Wear, Jr., of Jena, for appellant.

R. W. Oglesby, of Winnfield, and Stubbs, Theus, Grisham & Thompson, of Monroe, for appellees.

DAWKINS, J. T. W. Parish, Sr., is the son-in-law of Mrs. A. R. Machen, widow of the late Judge M. F. Machen, and for some years after the death of his wife and the mother of T. W. Parish, Jr., the minor lived with his grandmother in the home which is the subject of this litigation, and attended school in the town of Winnfield, La. Parish, Sr., made his headquarters there, and bore a close personal relation to Mrs. Machen. In the spring of 1913, the house and lot in question, which belonged to the community existing between M. F. and A. R. Machen, was advertised for sale for the nonpayment of the taxes of 1912, in a paper published at Dodson, La., instead of Winnfield, and Mrs. Machen never saw the advertisement. However, she knew that the taxes had not been paid, and naturally felt some uneasiness about the matter, and appealed to her son-in-law, T. W. Parish, Sr., to see that her rights were protected. Parish assured her that he would look after the matter, and that she

need give herself no further concern about it, as is evidenced by his letter of February 17, 1913, written from Jena, La., found in the record. The taxes were not paid, and on the day of the sale, Parish appeared upon the scene and bid the whole property in, in the name of his said son. A friend of Mrs. Machen and an officer in the bank of Winnfield, which was a creditor of Mrs. Machen, was present at the time, and stated that he would pay the taxes, but was assured by Parish that he was acting for his mother-in-law, and the property was allowed to sell. Parish then went back to Jena, and seems to have made himself rather scarce around Winnfield during the ensuing year. Some time after the sale, not having seen her son-in-law, Mrs. Machen again became uneasy about the matter, and sent for Mr. G. P. Long of the Bank of Winnfield, and asked that gentleman to lend her the money with which to pay her taxes. She then learned, for the first time, that her property had been sold and bought in by Parish for his son. Thereafter some correspondence took place between defendant and Parish in regard to the property, but nothing came of it, and shortly before the year expired the Bank of Winnfield, through its president, deposited with the sheriff and tax collector the amount of taxes, costs, and penalties necessary to redeem the property, and obtained from that officer an order for the cancellation of the tax deed, which order was filed in the recorder's office and the deed canceled. About a year after the sale, Parish, Sr., was in Winnfield, and learned that the delays for redeeming commenced to run, not from the date of sale, but from the recordation of the deed, and was not again seen in Winnfield for some weeks after the expiration of the year within which, under ordinary circumstances, the property could have been redeemed. In the meantime, and before the expiration of the year, the bank had taken the action above mentioned.

[1, 2] We are fully convinced from the evidence in the record that Parish had conceived the idea of acquiring, through the interposition of his minor son, who was a part owner by inheritance from his mother, the full title to this property, and hoped thereby to eliminate the other heirs. It may be that he did not intend to disturb Mrs. Machen during her lifetime, as was intimated by his counsel in questions propounded on the trial, and in his testimony. However, as often happens to those who undertake such unholy missions, he chose the very vehicle for his scheme which defeated its accomplishment, in the person of his minor son, who was also an heir and co-owner of the property. If T. W. Parish, Jr., had been of age, he could not have acquired the interest of his coheirs by such a course, and that which he could not do for himself he could not do through his father, assuming to act as his tutor. The net result of the whole matter was to pay the taxes upon the property. Bossier v. Herwig et al., 112 La. 539, 36 South. 557; Hake v. Lee, 106 La. 482, 31 South. 54; Levy v. Levy, 107 La. 589, 32 South. 117; Austin v. Bank, 30 La. Ann. 689. It makes no difference that an effort was made through the assistance of a family meeting convoked in La Salle parish to renounce the interest of the minor in his mother's succession. The law had already accepted it for him, with the benefit of inventory, at the date of the tax sale, and the rights of the parties must be determined as of that date. Act No. 114, 1848, p. 84.

Plaintiff's ward was a co-owner with Mrs. Machen, the defendant, and the other heirs of M. F. Machen in the property which he attempted to buy, and this purchase inured to the benefit of all in the proportion in which they owned before the sale.

We find it unnecessary to discuss the other issues in the case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed at the cost of plaintiff and appellant.

O'NIELL, J., concurs in the decree.