In December, 1919, plaintiff and defendant became co-owners by purchase of an eighteen acre tract of land in Winn Parish, Louisiana, and of an undivided one-half interest in a fifty acre tract in the same parish. On December 17, 1932, defendant Grigsby, at a tax sale, acquired title to plaintiff's undivided interest in each of the tracts.
On March 16, 1948, plaintiff filed this suit to set aside the tax title, alleging in his petition that either he or the defendant *Page 861 
had paid the taxes on the two tracts until the year 1930 and that the other would reimburse the payor for his portion; that in the year 1930 he (plaintiff) moved to New Mexico and that defendant, notwithstanding an agreement to look after the property and pay plaintiff's portion of the taxes, subject to reimbursement, had failed to pay the taxes and permitted plaintiff's interest to be advertised in order that defendant might purchase same and deprive plaintiff of his title. That, on the occasion of a visit by plaintiff to Winnfield in October, 1939, the defendant advised plaintiff that he had quit paying the taxes on the properties and that a third party had bought the land at tax sale and the identity of this third party was not known to defendant; that, relying upon this statement of defendant, plaintiff had assumed that his interest was lost and plaintiff did not discover until March, 1948 that his interest had been acquired by his co-owner.
Defendant filed an exception of no cause or right of action, an alternative plea of prescription of five years, and a plea of estoppel based upon plaintiff's laches in permitting the tax sale to remain of record from December, 1932, to the date of filing suit. The District Court overruled the exception of no cause or right of action and referred the other pleas to the merits. Defendant then filed a plea of ten years prescription based upon possession in good faith under a just (tax) title translative of ownership. His answer reurged the exception and pleas previously filed; set forth that prior to plaintiff's leaving the State of Louisiana plaintiff and defendant each paid his own share of the taxes on the land owned by them in indivision; that no reimbursement was necessary or agreed upon; and denied that plaintiff, prior to his departure from the state, had made any arrangements regarding the payment of taxes. The answer admitted that plaintiff's undivided interest in both tracts was purchased in defendant's name at tax sale, but the defendant set forth that he was absent from the Parish of Winn at the time of the sale; that his two sons paid defendant's share of the taxes and "bought in" plaintiff's interest and caused the adjudication to be made in favor of defendant and that all of this was done in good faith; that the defendant had made efforts to locate the plaintiff after the sale without success; that defendant, on the occasion when plaintiff returned to Winnfield for a visit about 1939, had advised plaintiff that he had bought in his property at tax sale and that plaintiff expressed no desire or inclination to redeem it. The answer ended with the prayer that plaintiff be condemned to pay all back taxes in the event the tax title should be annulled for any reason.
The District Court, in a well reasoned written opinion, found that plaintiff and defendant purchased the two properties jointly in 1919; that until 1930 there was no trouble regarding their joint ownership, when one paid the taxes, the other promptly reimbursed him the amount due; that after plaintiff left the state in 1930, the defendant Grigsby purchased plaintiff's interest in both tracts of land; that plaintiff in 1939, on the occasion of his visit to Winnfield, was informed by defendant that the property had been acquired by some third party at tax sale and that it was not until 1948 that plaintiff discovered that defendant had purchased his interest.
Noting that the contest was one between the co-owners of the property and that the rights of innocent third persons were not involved, the District Court gave judgment for the plaintiff. The case is before us on defendant's appeal from that judgment.
In 1919 both plaintiff and defendant were residents of the Town of Winnfield, Louisiana. On December 6 of that year they purchased jointly from L. M. Tannehill an undivided one-half interest in the fifty acre tract involved in the present suit, and on December 30 of the same year, the two made a second joint purchase from W. A. Hayles of the eighteen acre tract. Their friendly relationship still existed in 1930. The taxes on their joint property were paid by first one or the other and reimbursement was made by the other party without difficulty or incident. Plaintiff left the state in 1930. He paid no taxes for the year 1931 and in December, 1932, *Page 862 
defendant paid the taxes on his undivided one-half interest and became purchaser at tax sale of the undivided one-half interest of plaintiff in both tracts of land. The record does not establish that defendant, after this purchase, made any serious effort to contact plaintiff.
In the case before us, the amount of taxes due by plaintiff for the year 1931 was relatively insignificant, less than $3. Defendant's payment of the taxes from 1931 to 1936 did not amount to a substantial advance and we deem it equitable under the circumstances to hold that plaintiff's failure to reimburse defendant or inquire into the amount of taxes due prior to the timber sale in 1936 was not sufficient — as a matter of equity — to hold that he had lost his right of redemption or acquiesced in the loss of his title, which at that time was not known to him. In 1936 defendant received approximately $175 from the sale of timber on the property in controversy — enough money to reimburse him for all taxes expended on plaintiff's behalf and to leave sufficient funds in his possession to pay the taxes for many years to come. Defendant's action in 1939 in telling plaintiff that both had lost their land had the effect of misleading plaintiff and as a matter of equity plaintiff could not be charged with laches in not making further inquiry regarding the taxes due on the property which he believed both had lost.
The record shows that defendant contacted plaintiff in 1948 at his residence in Houston, Texas and when the plaintiff declined to sign a quitclaim deed, made him an offer first of $100 and later of $300 for his signature. It was then that plaintiff realized that no third party had purchased his interest in the property and decided to return to Winnfield and find out the full facts. The present suit was filed a short time afterwards.
As stated in the case of Keller et al. v. Haas et al.,209 La. 343, 24 So.2d 610, there is no constitutional or statutory law governing the rights of the parties in cases of this sort and the Court must be guided by the principles of equity and prior decisions in similar cases.
In the case before us, the record shows that the purchase of the two pieces of property by plaintiff and defendant was in the nature of a joint enterprise; that plaintiff, after leaving Louisiana, relied upon the defendant and was misled into believing, after 1939, that both had lost their interest at tax sale to a third party. As noted by the District Court, the rights of third persons have not intervened. As explained above, the situation disclosed by the record does not show that the plaintiff has been guilty of such neglect as to constitute an abandonment of his title or an acquiescence in defendant's acquisition at tax sale. There has been no unusual or unexpected increase in value in the land in controversy. The defendant has had in his possession since 1936 more than enough money from the income of plaintiff's one-half interest in the land to have paid all charges and taxes due. Under these circumstances, there is no reason why this Court should not follow the well recognized principle of law that the defendant's purchase of his co-owner's interest at the tax sale operated merely as a payment of taxes. Murphy et al. v. Murphy,136 La. 17, 66 So. 382; Doiron et al. v. Lock, Moore Co., Ltd., et al., 165 La. 57, 115 So. 366; Ensminger et al. v. Vampran et al., La. App., 15 So.2d 161.
The exception of no cause or right of action and the plea of prescription filed by defendant were based on the provisions of Section 11 of Article 10 of the Constitution of 1921, providing that sale of property for taxes shall not be set aside unless the action is instituted within five years from the date of the recordation of the tax deed, and upon the prescription of ten years acquirendi causa.
The Courts of this state have uniformly held that the purchase by one person of his co-owner's interest at a tax sale operates merely as a payment of taxes, and, as between co-owners, a tax sale cannot be made the basis of a plea of prescription. Bossier v. Herwig et al., *Page 863 112 La. 539, 36 So. 557 and Chelette v. Chelette, La. App.,5 So.2d 553. The exception and pleas were properly overruled.
Since the plaintiff did not appeal from the judgment nor file an answer to the appeal by defendant, the judgment cannot be amended in his favor and hence it is unnecessary for us to consider whether the fact that defendant in 1936 received certain monies from the sale of timber on the land would relieve plaintiff from the necessity of the repayment of the taxes as ordered in the judgment of the District Court.
The judgment appealed from is affirmed, with costs.
 *Page 97