## RANKIN, Tutor, v. BELL et al.

The fact of having possessed separately a portion of the hereditary effects during thirty years, gives, in all cases, to the heir who has thus possessed, the right to oppose the suit of his co-heirs for a partition of those effects. C. C. 1228. The acquisition of this right is not suspended by the minority of any of the heirs.

APPEAL from the District Court of West Feliciana, *Burk*, J.

*Ratliff*, *Cowgill*, *Muse*, and *Merrick*, for the plaintiff, contended that the prescription of thirty years under art. 1228 of the Civil Code, does not bar this action, there having been only nine years of adverse possession by defendants during which prescription was not suspended by minority. C. C. 3488.

*Paterson*, for the defendants.

*Marks*, *Mayo*, and *Bowman*, for the parties cited in warranty.

The judgment of the court was pronounced by

Rost, J. This is a petitory action. The facts are briefly as follows : *Lucy Hall* was the owner of the slaves *Philip* and *Tempe*. She died in 1813, leaving as her legitimate issue *Burr S.*, and *Thomas H. Hall* and *Harriett B. Hall*, then married to *John Stafford*. No proceedings were had in her succession, and no inventory ever made ; but the evidence admitted by the judge satisfactorily shows that at her death the two brothers retained the possession of the slave *Philip*, and that her sister had possession in the same manner of the slave *Tempe*. This separate possession continued till 1833, when *Harriet B. Häll* died, and *Burr S. Hall*, the father of the plaintiff's ward, was appointed tutor of her minor children. He gave bond as tutor for the appraised value of the property of the minors, in which the slave *Tempe* and her children appear to have been included. He set up no claim to those slaves ; and considering the slave *Philip* as the exclusive property of his brother and himself, he purchased of his brother the undivided half, and that slave was subsequently seized and sold at the suit of his wife against him.

*Burr S. Hall* died in 1836. An inventory of his succession was made in June of that year; in presence of his widow, who was at that time tutrix of the plain-

tiff's ward. It purports to include the property left by the deceased, and makes no mention of the slave *Tempe* and her children. Before the date of this inventory and the death of *Burr S. Hall*, a judicial partition was made of the slave *Tempe* and her children between the heirs of *Harriet Stafford*, under whom the present defendants claim and possess. This action was instituted in 1844, in behalf of the son and only heir of *Burr S. Hall*, to recover one undivided half of the slaves mentioned, on the ground that his father and himself have never been legally divested of their title. The court below gave judgment in his favor, and the defendants appealed.

The record contains several bills of exception, which it is not necessary to notice. The defendants and their warrantors have pleaded in bar of the plaintiff's action, the continued and uninterrupted possession of the slaves, by themselves and those under whom they claim, during thirty years; and the evidence adduced by them fully supports that allegation. It is contended that *Lucy Havard* herself did not transfer the possession of her portion of the slaves to *Bell* and *Hall*. Supposing the possession to have remained in her up to this time, the plaintiff's case would not be benefitted by it.

It is alleged that during all the time that possession has been adverse to the plaintiff's ward and his father, prescription had been suspended by reason of their minority, except during nine years. The article of the Code upon which defendants rely, is not found in the chapter treating of prescription, and from its plain import the limitation it creates is not suspended by minority. The fact of having possessed separately a portion of the hereditary effects during thirty years, gives in all cases to the heir who has thus possessed the right to oppose the suit of his co-heirs for a partition of those effects. Civ. Code, art. 1228. The father of plaintiff's ward has acquired a title to the slave *Philip* in the same manner; and a judgment adverse to his claim will but give effect to an amicable division of the property of *Lucy Hall*, made between *Burr S. Hall* and his sister, and executed in good faith by both.

For the reasons assigned it is ordered that the judgment be reversed, and that the defendants be for ever quieted in their possession and title to the slave *Tempe* and her children, against the claims and pretensions of the plaintiff. It is further ordered that the plaintiff pay the costs in both courts.