MONROE, J.
The certificate upon which ■this case is brought up sets forth, in sub- ■ stance, that on May 21, 1887, a certain tract •of land was sold to George H. Packwood for taxes assessed to “the estate of Packwood,” the sale being duly recorded, and that on May .■9, 1900, George H. Packwood sold the tract so acquired to the defendant company, which recorded its title, took actual possession of the property, and remained in possession, without disturbance, until the institution of -this suit (November 23, 1905) in which plaintiffs allege that they were co-heirs with • George H. Packwood of George Packwood, to whose estate the land was assessed, and were co-owners with him of said land at the •date of its adjudication to him for taxes, and .pray that the sales mentioned be annulled; and the learned judges thereupon propound the following question, to wit:
“Conceding that George H. Packwood was the co^heir of the plaintiffs and co-owner with them in the land in controversy at the date of the tax sale to -him — the fact, however, of the .kinship and co-ownership'not appearing on the face of the record — is the Natalbany Lumber ■Company, which acquired from Packwood and [has been] in actual possession, under its title, .since the date of its purchase, May 9, 1900, entitled to invoke the prescription of three years, under article 233 of the Constitution, and is. it .protected in its title, under such a plea, against •the attack of the plaintiff?”
The statement and question assume that the land was properly assessed, and owed the taxes for which it was sold, and that the proceedings leading up to and including the -.sale were legally conducted. Upon the face -of the record, then, it appeared that the title was vested in “the estate of Packwood”; but it did not appear that George H. Pack-wood was an heir of that estate or a part owner of the land, and, if it had thus appeared, that circumstance would not have affected the validity of the sale to him, so far as the state of Louisiana or the estate of Pack-wood were concerned, since the claim of the former for its taxes would have been satisfied, and the title of the latter to the land would, nevertheless, have been devested. It is true that, where a co-owner becomes the adjudicatee of property held in indivisión at a sale made for taxes for which he, in common with his co-proprietors, is liable, the sale, as between him and them, operates merely as a payment of the taxes, and does not devest their title.
The fact remains, however, that, as between the owner, upon the one hand, and the state and third persons without notice, upon the other, and upon the face of the record, the adjudicatee becomes the owner of the property by virtue of the sale for taxes, which, under the Constitution, cannot be successfully attacked after the lapse of three years, “except on proof of dual assessment or of payment of the taxes, for which the property was sold, prior to the date of the sale.” Article 233.
In the case of Hake v. Lee & Beall, 106 La. 482, 31 South. 54, it appeared that the property was sold for taxes which had already been paid, and, having been adjudicated to one of the co-owners, was subsequently offered for sale in his succession, upon which occasion the prospective bidders were warned that the apparent title of the succession, quoad the interest of the other co-owner, was void. The question of the prescription of three years was not raised.
In Bossier v. Herwig, 112 La. 539, 36 South. 557, the litigants before the court were the parties who owned the property when the sale for taxes was made, and this court, in assigning its reasons for the conclusion that *981 -the adjudication operated merely as a payment of the taxes, begins with the premise:
“There are no rights of third persons involved 'in this litigation.”
The question of the constitutional prescription was not presented or considered. In the instant case we take it that, the kinship and ■ co-ownership of George H. Packwood with the plaintiffs not appearing on the face of the record, the learned judges of the Court of .Appeal found no reason for believing that the ■ defendant company knew, when it purchased the property, that such relations existed. Rut, whether that was their view or not, we have examined the record, which was forwarded with the request for instructions, and -we fail to find that the evidence adduced brings home to the defendant any such knowledge. Whether our conclusion would be different if the fact were otherwise, it is unnecessary here to decide. We are quite • clear that a third person purchasing real estate upon the faith of an apparently valid fax title, as disclosed by the public records, .■and holding actual possession for three years, is protected, by the prescription established by article 233 of the Constitution, from attacks arising out of equities between the apparent and nonapparent owners, and the ..question propounded is, according, answered in the affirmative.
For concurring opinion of BREAUX, C. J., see 44 South. 807.