(66 South. 334)

No. 20738.

VESTAL v. PRODUCERS' OIL CO. et al.

In re PRODUCERS' OIL CO. et al.

(Oct. 19, 1914.)

*(Syllabus by the Court.)*

1. TENANCY IN COMMON (§ 20*)—ACQUISITION OF TAX TITLE—CO-OWNERS.

    A co-owner who acquires a tax title holds for the benefit of his co-owners.

    [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 60, 61; Dec. Dig. § 20.*]

2. TENANCY IN COMMON (§ 20*)—ACQUISITION OF TAX TITLE.

    This principle is founded upon equitable considerations, and any right claimed thereunder must be exercised within a reasonable time, or it will be lost.

    [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 60, 61; Dec. Dig. § 20.*]

3. VENDOR AND PURCHASER (§ 239*)—RIGHTS OF PURCHASER—NOTICE OF EQUITIES.

    A purchaser of real estate in good faith from the owner of record, and without notice, cannot be affected by equities which may have existed between former owners of the property and third persons, but which do not appear of record.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. § 239.*]

4. TAXATION (§§ 743, 805*) — TAX SALE — RIGHTS OF TRANSFEREE FROM ADJUDICATEE —LIMITATIONS—PRESCRIPTION.

    Innocent third persons, without notice, acquire a good and valid title from an adjudicatee at a tax sale, although said adjudicatee may have bought the property in his name and held it for himself and co-owners; and said innocent purchaser may successfully plead the prescription of three years provided for in article 233 of the Constitution.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1485–1488, 1593–1597; Dec. Dig. §§ 743, 805.*]

5. LIMITATION OF ACTIONS (§ 19*)—APPLICATION OF STATUTE—PARTITION—PETITORY ACTIONS—PRESCRIPTION.

    Article 1305 of the Civil Code, and the prescription of 30 years therein provided for, have reference to partition suits, and not to petitory actions.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85; Dec. Dig. § 19.*]

Petitory action by Jay Vestal against the Producers' Oil Company and others. A judgment for defendants in the district court was reversed on appeal to the Court of Appeals, and defendants apply for certiorari or writ of review. Judgments reversed in part and affirmed in part.

Hampden Story, of Shreveport, for applicant. Foster & Webb, of Shreveport, for plaintiff. Murff & Roberts, of Shreveport, for defendants Mrs. Mollie Ivy and Teat heirs.

SOMMERVILLE, J. This is a petitory action, brought by Jay Vestal against his coheirs and the Producers' Oil Company, to be declared the owner of an undivided interest in two pieces of property, held by defendants respectively, and which he claims to have inherited from his grandparents. Defendants answered separately, claiming ownership under a tax title acquired in the year 1881, and they also pleaded the prescription of 10 and 30 years under the articles of the Code, Nos. 1305, 3474, and 3499. The Producers' Oil Company, in addition, pleaded the prescription of three years, under article 233 of the Constitution; and it also filed a plea of estoppel against plaintiff on the ground that he had not exercised any right or claim of ownership within a reasonable time, and that such right or claim, if he had any in and to said land, had been lost by his inaction, negligence, and silence, and by permitting the rights of third parties to intervene. There was judgment in favor of defendants in the district court, which, on appeal to the Court of Appeal, was reversed.

In their petition to this court to review the judgment of the Court of Appeal the defendants rely on different grounds. The Producers' Oil Company denies the ownership of plaintiff absolutely; it urges the prescription of three years under article 233 of the Constitution; and it also urges the plea of estoppel filed by it. The other defendants, the coheirs of plaintiff, urge only the prescription of 30 years under article 1305, Civil Code.

The tax deed upon which the Producers' Oil Company relies to prove its ownership was passed and registered June 16, 1881. It was made by the state tax collector for the taxes of 1878, the property having been assessed in the name of Mrs. E. M. Teat, the grandmother of plaintiff, and it was adjudicated to Thomas A. Teat, one of the heirs of Mrs. E. M. Teat. Thomas A. Teat died in the year 1890, and his widow and heirs went into possession of said property. They, the widow and heirs, January 10, 1906, transferred eighty acres of the land to James B. Teat, another heir. This act of sale recites that it was made for the purpose of again vesting legal title in the said James B. Teat, he being then, and ever since he entered the land, the true and lawful owner (he had originally entered the land, and, during his mother's lifetime, had transferred the said eighty acres to her). May 27, 1908, James B. Teat sold 70 of the 80 acres owned by him to the Producers' Oil Company, defendant in this cause. The property held by the Producers' Oil Company has been thus transferred several times since it was sold for taxes in 1881, and plaintiff made no claim of title thereto during thirty-two years.

[1, 2] We have held, in the case of Williams v. Harrell, 132 La. 1, 60 South. 699, that in the list of cases mentioned on page 4 of the opinion in that case, "a co-owner who acquires a tax title holds for the benefit of his co-owners." And the Court of Appeal in its decision referred to those decisions, and held that the sale made for taxes to Thomas A. Teat, one of the heirs of Mrs. E. M. Teat and her husband, was a purchase made for the benefit of his coheirs by Thos. A. Teat, and that he held the property for

them, and that when the widow and heirs of Thomas A. Teat transferred the property to James B. Teat, another one of the heirs, the latter took with full notice, and that he did not acquire any greater title than his transferrers had; and, further, that when J. B. Teat sold to the Producers' Oil Company, May 27, 1908, said company took with full notice, and acquired no greater title than its vendor had.

The Court of Appeal further held that the tax title of 1881 was not a valid title. But this point was not raised by plaintiff; on the contrary, he pleaded that the tax title to Thomas A. Teat vested the title to the property in all of the heirs, although the adjudication was made to only one of them.

In the several cases wherein we hold that a co-owner who acquires a tax title holds for the benefit of his co-owners, we did not have under consideration a title which was more than thirty years old, and where the alleged co-owner had not asserted some claim of ownership in a very much shorter term of years. In the case of Duson v. Roos, 123 La. 835, 844, 49 South. 590, 593, 131 Am. St. Rep. 375, we say:

"After property has been sold at tax sale, however, the former owners of it cannot be compelled to redeem or reacquire it. Hence it is optional with them to take advantage or not of this doctrine by which a title acquired by any one of the co-owners from the purchaser at the tax sale inures to the benefit of the other co-owners. These other co-owners have a right to require their co-owner to make them title in the proportion of their former co-ownership; but this right is not founded upon any codal provision, but on mere equitable considerations, and, such being the case, must be exercised within a reasonable time or it will be lost. These other co-owners cannot sleep upon this right, await developments to see whether the property will grow in value or not, and then exercise the rights or not, according to the event. He who seeks equity must do equity. In the recent case of Joffrion v. Gumbel [123 La. 391] 48 South. 1007, this court refused to enforce a promise of sale which had thus been slept on too long."

Plaintiff has not made claim to the property within a reasonable time, and the plea of estoppel filed by the Producers' Oil Company should have been sustained.

[3] In the case of Duson v. Roos, supra, we say further (123 La. on page 841, 49 South. on page 592, 131 Am. St. Rep. 375):

"It is plain that a purchaser of real estate in good faith from the owner of record cannot be affected by equities which may have existed between former owners of the property and third persons, but which do not appear of record. Harris v. Natalbany Lumber Co., 119 La. 978, 44 South. 806."

The Court of Appeal, in the course of its opinion, refers to certain documents which were on record, but which do not give notice that plaintiff was interested in any way in the ownership of the property. These pieces of evidence were not parts of the title deed of the vendor of the Producers' Oil Company, and could not have been readily identified with the property involved, even if plaintiff had been mentioned therein. But he was not.

We announce similar principles to the foregoing in Washington v. Filer, 127 La. 862, 867, 872, 54 South. 128.

[4] The Producers' Oil Company also filed a plea of prescription under article 233 of the Constitution, which plea should have been sustained. We say in the case of Harris v. Natalbany Lumber Co., 119 La. 978, 44 South. 806:

"We are quite clear that a third person purchasing real estate upon the faith of an apparently valid tax title, as disclosed by the public records, and holding actual possession for three years, is protected, by the prescription established by article 233 of the Constitution, from attacks arising out of equities between the apparent and nonapparent owners."

[5] Turning now to the single defense urged in this court by the other defendants, the coheirs of plaintiff, the prescription of thirty years under article 1305 of the Civil Code, we find that some of the defendants have been in possession of the property for more than thirty years, but that plaintiff was a minor during a large part of that time, and

that in the case of Rankin v. Bell, 2 La. Ann. 486, we hold that the prescription therein referred to ran during the minority of a co-owner.

Article 1305 reads as follows:

"When one of the heirs has enjoyed the whole or part of the succession separately, or all the coheirs have possessed separately each a portion of the hereditary effects, he or they who have thus separately possessed, can successfully oppose the suit for a partition of the effects of the succession, if their possession has continued thirty years without interruption."

The decision in Rankin v. Bell was referred to by us in Rhodes v. Cooper, 113 La. 600, 604, 37 South. 527, but we therein expressed no opinion as to whether prescription was or was not suspended during minority.

It is unnecessary now to express any opinion on the point. This is a petitory action, and not a partition suit; and the article applies to partition suits only. Le Blanc v. Robertson, 41 La. Ann. 1023, 1028, 6 South. 720.

Prescription under article 1305, C. C., is the only ground brought up for review by the coheirs who are in possession of the property held by them and claimed by plaintiff in this suit. It was properly overruled.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal in this case be affirmed in part and reversed in part; that it be affirmed in so far as it is in favor of plaintiff and against the defendants, Mrs. M. A. Ivey, Mrs. F. B. Wooson, Mrs. C. F. Davis, Mrs. Nora Lee, and W. A. Teat, a minor; at the cost of said defendants in all courts.

And that said judgment be reversed in so far as it is in favor of plaintiff and against the Producers' Oil Company, and that the judgment of the district court in so far as it is against plaintiff and in favor of the Producers' Oil Company be reinstated and made the judgment of this court and of the Court of Appeal, at the cost of plaintiff in all courts.