PROVOSTY, J., takes no part, not having heard the argument.

___

(81 South. 217)

No. 21283.

HEBERT v. CHAMPAGNE.

(Jan. 6, 1919. Rehearing Denied March 13, 1919.)

*(Syllabus by the Court.)*

1. ESTOPPEL ☞58, 107, 115, 116—PLEADING —BURDEN OF PROOF — DEPRIVATION OF PROPERTY.

An estoppel in pais, as an element of a cause of action, is not, as a rule, available unless specifically pleaded; the burden of proof, in such case, is on the pleader, who must prove the very facts upon which the estoppel is thought to be based; and, in order that one may be denied his right, or deprived of his property by such estoppel, it should appear that the person pleading it has been misled by the other, to his prejudice.

2. WATERS AND WATER COURSES ☞154(2)— DRAINAGE—RIGHTS OF PURCHASERS.

Where the owner of a plantation makes a disposition regulating the drainage, and the plantation is subsequently divided into parts and sold to different owners, they acquire such parts, unless it is otherwise stipulated, subject to the disposition so made, and the question of the direction of the original natural flow of the drainage becomes immaterial.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Action by Amédée Hebert against Charles J. Champagne. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant, dismissing the suit, with certain reserved rights.

Butler & Wurzlow, of Houma, for appellant.

Harris Gagne and Allen J. Ellender, both of Houma, for appellee.

Statement of the Case.

MONROE, C. J. Defendant appeals from a judgment recognizing the right of plaintiff to drain his land through a certain canal which runs through their two adjoining estates, and ordering him to remove certain dams which he has caused to be erected therein and which obstruct the drainage.

It is alleged in the petition that plaintiff's lands and the adjacent lands of the defendant once formed part of the plantation known as "Rural Retreat," upon which 30 years ago, more or less, a canal was dug, which was used for the drainage of the contiguous lands; that the present canal runs west, through the lands of plaintiff and defendant; then south, through the lands of plaintiff, defendant, and the Aucoin estate, into Bayou Terrebonne; that the natural flow of the water is southwestward, into that bayou; that, through the constant use of said canal by plaintiff and his authors in title, for 10 years, more or less, plaintiff has acquired a servitude of drainage through said canal, by prescription; that, between March and July, 1913, defendant, by damming and otherwise obstructing the canal, has interfered with the enjoyment of that right, thereby rendering plaintiff's lands unfit for cultivation. Wherefore he prays for judgment, etc.

Defendant admits that both estates formed part of the Rural Retreat plantation, and that a canal was dug thereon, but denies that it was intended for the drainage of plaintiff's lands. He denies plaintiff's allegations as to the course of the present canal, the natural flow of the water, and the constant use of the canal by plaintiff and his authors; he admits that he dammed one of his own canals, in which plaintiff has no interest. He alleges that for 30 years or more there has existed a levee which has prevented the flow of any water from plaintiff's lands to those owned by him; that, but for the unlawful cutting of said levee, to which he never would have consented, such flow would be

impossible, save as to a small triangular piece of land, containing but a few acres, which belongs to plaintiff; that the natural flow of the water is from his land to that of the plaintiff; and that, if any servitude of drain ever existed in favor of plaintiff's lands, it has been lost by nonuser; and he pleads the prescription of 10 and 30 years. By an amended answer he alleges that he did not, and does not, intend to dispute the right of the plaintiff—

"to drain, into the main canal, on his plantation, that portion of plaintiff's property which lies on the upper side of said canal and the levees which parallel said canal, being, in form, that small triangular corner of land, belonging to plaintiff, which is divided from his remaining lands by said canal and levees; * * * appearer's true position and contention being that plaintiff is not entitled to turn into his [defendant's] system of drainage any waters from the lands located on the lower side of the canal and levee extending from the Bayou Terrebonne ridge towards the Bayou Blue, throughout their entire length."

Thereafter defendant filed a plea of estoppel, predicated upon the allegation that—

"If any right of drainage ever existed in favor of plaintiff, through the property of defendant, to Bayou Terrebonne, said right was extinguished and abandoned by plaintiff by stopping up the portion of said ditch running across the properties of the front proprietors."

The judge a quo states, in his opinion, that he considers it unnecessary to pass upon the question whether a servitude exists or does not exist in favor of plaintiff's land, since the evidence satisfies him that the levee on the lower side of the canal had been cut, for drainage purposes, within the "year or so" preceding the institution of the suit, by both plaintiff and defendant, and he holds, as the basis of his judgment, that—

"The moment he [defendant] cuts this levee to further facilitate the drainage of his land, he is precluded and estopped from complaining that plaintiff has made a cut for the same purpose."

We find from the evidence that the owners of the Rural Retreat plantation, more than 30 years prior to the institution of this suit (March 7, 1914), constructed the canal and levee in question for the drainage and protection of the front part of the plantation, and that they established a draining machine at a low point on the line, where the water collected, and, as occasion required, pumped it over the levee into the canal behind, whence it found its way further to the rear; that the land owned by defendant, now constituting Klondyke plantation, was formerly the front part of Rural Retreat, and lies wholly above, or in front of, the levee, whilst that owned by plaintiff, with the exception of three acres, which are above, or in front, lies below, or back of, the canal and levee; that defendant has cut no openings through the levee, and that none were cut with his knowledge or approval; that, in that part of the levee which is adjacent to the three-acre tract owned by plaintiff, and which, being then in woods, was not much visited by plaintiff, one of plaintiff's tenants, within five years prior to the institution of this suit, cut several small openings through the levee, but not to his knowledge or with the approval of defendant, who, to the contrary, objected when he heard that they had been cut, and, finding his objections unheeded, dammed the canal on either side of plaintiff's three-acre tract, upon which the cuts had been made.

### Opinion.

[1] Plaintiff pleads the prescription of 10 and 30 years, and alleges that the natural flow of the water is towards Bayou Terrebonne. He at no time pleaded the estoppel, upon which the judgment appealed from is based; nor do we find that the facts would sustain that plea, if it had been set up.

"Estoppel, as an element of a cause of action, is not, as a rule, available, unless spe-

cifically pleaded." The exceptions to the rule are to be found in cases where the facts relied on are set out in the petition, or the plaintiff has had no opportunity to offer the plea. The burden of proof in such case rests upon the pleader, and he must prove the very facts upon which the estoppel is based. In order that one should be denied his right, or deprived of his property, by reason of an equitable estoppel, it should appear that the person pleading the estoppel has been misled, by the other, to his prejudice. 16 Cyc. 808, 809, 811; 40 Cyc. 582, d (1); Heirs of Wood v. Nicholls, 33 La. Ann. 744; Thomas v. Blair, 111 La. 678, 35 South. 811.

The plea of estoppel should therefore have been overruled.

[2] Plaintiff's plea of prescription is no better sustained, since the evidence fails to show that defendant cut the levee, that it was cut with his knowledge or consent, or cut within 10 years, and it is shown, affirmatively, that it was intact within that period.

Whether the water on plaintiff's land would flow naturally into Bayou Terrebonne or Bayou Blue, or even on defendant's land, is immaterial. Its flow was regulated by the disposition made by the owner of the plantation of which that land formed part, and, so far as we are informed, plaintiff and defendant each acquired subject to that disposition. Plaintiff, however, has the right to have the dams removed, upon his closing the cuts which have been made in the levee by his authority and for his benefit, and defendant made him an offer in that respect, in his supplemental answer. His rights will therefore be reserved, though, as he has put in no appearance in this court, either in person or through counsel, we are not very well advised as to his wishes in the matter.

It is therefore ordered that the judgment appealed from be annulled and that there now be judgment herein for defendant, rejecting plaintiff's demands, and dismissing this suit at his cost, but reserving his right to require the removal of the dams herein complained of, upon his closing the gaps in the levee which bounds, on one side, the three-acre tract belonging to him and referred to in the foregoing opinion.

DAWKINS, J., takes no part.