O’NIELL, C. J.
 

 This is an action to recover a third interest in a tract of land, for which the defendant has a tax title. The district court sustained a plea of estoppel and a plea of prescription of three years, and rejected the plaintiffs’ demand. They have appealed from the decision.
 

 There is no dispute about the facts of the case. The land in contest was bought by Leonhardt Wager and Frank P. Wager, in the firm name of Wager Bros., on the 29th of May, 1897. Frank P. Wager died about a year afterwards, intestate, leaving, as his only heirs, his brother, Leonhardt, and two sisters, Mrs. Pauline Wager Schwab and Mrs. Theodora Wager Jenny. On the 14th of May, 1904, the interest belonging to the estate of Frank P. Wager, deceased, in the land in contest, was sold by the tax collector to Leonhardt Wager, for delinquent taxes of 1903, assessed in the name “Estate of F. P. Wager.” Leonhardt Wager sold the land to the Union Saw Mill Company on the 9th of June, 1927; and the Union Saw Mill Company sold it to the defendant, Frost-Johnson Lumber Company, on the 15th of October, 1917. All of the sales were recorded promptly.
 

 Leonhardt Wager died, intestate, on the 18th of November, 1921, leaving, as his only heirs, his sisters, Mrs. Schwab and Mrs. Jenny. On the 29th .of September, 1922, the plaintiffs, Ernest L. Ramsey and Edgar B. Harrell, obtained from Mrs. Schwab and Mrs. Jenny a deed for a third interest in the land —being the tw.o-thirds, which they had inherited, of Frank P. Wager’s half interest in the land. The plaintiffs’ attack upon the tax title of the defendant is based upon the theory that, inasmuch as Leonhardt Wager had been a copartner with the deceased, Frank P. Wager, and was a co-owner with Mrs. Schwab and Mrs. Jenny, when Leonhardt Wager bought the land for the delinquent taxes assessed against the estate of F. P. Wager, the payment of the price was nothing more than a payment of the taxes and inured to the benefit of the heirs of F. P. Wager. The defendant’s plea of estoppel is founded upon the proposition that Mrs. Schwab and Mrs. Jenny, by neglecting to avail themselves of the benefit of the tax sale, by paying to Leonhardt Wager the price of the tax sale and the taxes subsequently paid by him, within a reasonable time and before the title had passed to a third party, ratified tacitly the tax title of their former co-owner. The defendant’s plea of prescription is founded, of course, upon article 233 of the Constitution of 1898, and of 1913, retained as section 11 of article 10' of the Constitution of 1921, which declares that a tax sale shall not be set aside for any cause, except on proof of a dual assessment or'payment of the taxes previous to the date of sale, unless the action is brought within three years from the date of registry of the tax deed.
 

 The judgment appealed from, sustaining the plea of estoppel and plea ,of prescription, is sustained by the decision rendered in Cooper v. Edwards, 152 La. 23, 92 So. 721, and the decisions there cited, viz.:
 

 “When property is sold to one of its joint owners for delinquent taxes, the transaction may be regarded, as far as the co-owners are concerned, as a payment of the taxes, not as
 
 *662
 
 a transfer of an indefeasible title. Hake v. Lee & Beall, 106 La. 482, 31 So. 54; Bossier v. Herwig, 112 La. 539, 36 So. 557. Each co-owner, even after the expiration of the year that is allowed for any previous owner to redeem a title that has been divested by a tax sale, may be re-invested with the title for his original interest in the property, by paying his share of the price of the adjudication and of all taxes paid subsequently by the co-owner holding the tax title. But that right is not founded upon statute law; it is a result of equitable considerations, and should be exercised within a reasonable time. A tenant in common, whose property has been sold to a cotenant for delinquent taxes, is not allowed indefinitely to await developments and speculate upon the value of the property, in comparison with the cost of redeeming it. Duson v. Roos, 123 La. 835, 49 So. 590, 131 Am. St. Rep. 375. As long as the original co-owner, under such circumstances, allows the tax title to remain on record, he assumes the risk that an innocent third party may buy the property from the holder of the tax title. Harris v. Natalbany Lumber Co., 119 La. 978, 44 So. 806; Vestal v. Producer’s Oil Co., 135 La. 984, 66 So. 334. In each of those cases, it was decided that a third party, buying property from one who, being already the owner of an undivided interest in it, had bought the property for taxes assessed in the name of all of the co-owners, was protected by the prescription of three years.”
 

 The plaintiffs claim that the presumption of acquiescence resulting from the neglect of Mrs. Schwab and Mrs. Jenny to claim the benefit of the tax sale to their brother, within a reasonable time and before the title was transferred to a third party, was offset by certain acknowledgments made by their brother, of their having an interest in the land, after he had acquired the tax title. In that respect it appears that, on the 6th of July, 1904, Leonhardt Wager granted to a railroad company a right of way over the land, and Mrs. Jenny, also-signed the deed. It is contended that, by obtaining the signature of Mrs. Jenny to the deed, Leonhardt Wager recognized that she had an interest in the land. The grant of the .right of way, however, was made within the year after the date of the tax sale, within which year Mrs. Schwab and Mrs. Jenny had the right to redeem their title, by paying their share of the taxes and interest and penalties and costs, regardless of the fact that the holder of the tax title was formerly a co-owner with them. It was necessary, therefore, for Leonhardt Wager to obtain the signature, not only of Mrs. Jenny, but also of Mrs. Schwab, in order to give an indefeasible title to a right of way over the land within the year in which Mrs. Schwab and Mrs. Jenny might have redeemed their title. Leonhardt Wager’s obtaining the signature of Mrs. Jenny to the grant of the right of way was, therefore, not a recognition of anything more than that Mrs. Jenny had then — within the year after the registry. of the tax sale — a right of redemption; and the subsequent transferees from Leonhardt Wager were not obliged to regard Mrs. Jenny’s signature to the grant ,of the right of way as meaning anything more than that she thereby waived her right of redemption as far as the right of way was affected. Two other transactions in which, the plaintiffs contend, Leonhardt Wager recognized that his sisters had an interest in the land after the tax sale were, first, a sale by Mrs. Schwab, dated the 14th of March, 1904, purporting to transfer to Leonhardt Wager all of her - interest in the estate -of her deceased brother, and, second, an assignment by Mrs. Jenny, dated the 6th of July, 190S, purporting to transfer to Leonhardt Wager all
 
 *664
 
 of her interest in the estate of her deceased brother. Mrs. Schwab testified that she did not sign the instrument dated March 14, 1904, purporting to bear her signature; and it was admitted that Mrs. Jenny’s husband, who signed for her the instrument dated July 6, 1908, did not have a written power ,of attorney from her. It appears, therefore,, that neither of the instruments had the effect of a transfer of an interest in the land in contest; neither did they have the effect of an acknowledgment on the part of Leonhardt Wager that Mrs. Schwab or Mrs. Jenny had an interest in the land after the tax sale. The instrument purporting to be signed by Mr. and Mrs. .Schwab was dated two months before the tax sale, and purported'to be merely a transfer of Mrs. Schwab’s interest in the estate of Frank P. Wager, deceased. The instrument said to be signed by Mrs. Jenny’s husband as her agent, dated July 6, 190S, is not copied in the record, but we assume from the references to it that it purported merely to transfer to Leonhardt Wager Mrs. Jenny’s interest in the estate of Frank P. Wager, deceased, without special reference to the land which had been sold for taxes. Aside from that fact, we. are not prepared to say that the subsequent transferees of the title of Leonhardt Wager were bound to assume that this instrument, dated July 6, 1908, was null in so far as it purported to transfer an interest in the land, but was a recognition that Mrs. Jenny had an interest in the land.
 

 The plaintiffs in this suit claimed also the mineral rights in the land in contest, regardless of the question of validity of the tax title, because, in the sale of the land by Leonhardt Wager to the Union Saw Mill Company, on the 9th of June, 1917, he reserved the mineral rights for a period of ten years. The ten years had not quite expired when the plaintiffs filed this suit; hence they contend that their mineral rights were suspended by the pendency of the suit, and should be extended to the extent of the alleged unexpired term, beyond the date when the judgment to be rendered in this suit shall become final, if the defendant’s tax title is declared valid. There is no merit in the plaintiffs’ claim, because the defendant, in answering the suit, did not contest the plaintiffs’ mineral rights, but, on the contrary, admitted that Leonhardt Wager had reserved the mineral rights in the land for the term of ten years from the 9th of June, 1917. The term has expired.
 

 The judgment is affirmed.