188 So. 33

**TYSON et al. v. YORK et al.**

No. 34986.

March 6, 1939.

Rehearing Denied April 3, 1939.

Irwin & Cowles and Tucker & Mason, all of Shreveport, for appellants.

. Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

LAND, Justice.

. The plaintiffs, the widow and children of N. S. Tyson, deceased, claiming to be the owners in possession of a five acre tract in the Rodessa Oil Field of Caddo Parish, brought suit for slander of title against defendants, Mattie Adams Collins, Ella Adams Elder and Charles F. York.

: Plaintiffs complain that defendants have filed for record certain contracts and deeds which affect plaintiffs' title to the property in dispute, and pray that same be cancelled, and for damages, and that defendants be ordered, either to disclaim title, or assert such rights as they may have, or claim the property.

Defendants then filed a petitory action, N. S. Tyson acquired the property June 21, 1928, at a tax sale made for the unpaid taxes for the year 1927 assessed against "the Succession of Noah Tyson, Sr."

The defendants, Mattie Adams Collins and Ella Adams Elder, are two of the four children of Mattie Tyson Adams, who was one of the six children of Noah Tyson, Sr., the original owner of the property.

The plaintiffs are co-owners, and the defendants are likewise co-owners of the property in dispute. Ella Adams Elder and Mattie Adams Collins each owned an undivided 1/24 interest in the land. However, Mattie Adams Collins sold one-half of her 1/24 interest to the defendant, Charles F. York, thereby making these two

defendants the owners of 1/48 interest each in the five acre tract in litigation.

For the years 1929 to 1934, both inclusive, the property was assessed to N. S. Tyson who paid the taxes thereon. He did not occupy or exercise any possession over the property until 1934. N. S. Tyson died on April 24, 1936, testate, and the present suit was filed by plaintiffs against defendants June 9, 1937.

The defendants are plaintiffs in the petitory action, and plaintiffs are defendants in that action.

It is admitted that neither Mrs. Mattie Adams Collins nor Mrs. Ella Adams Elder have offered to redeem the property from the tax sale, or tendered to N. S. Tyson, his heirs or legal representative, their proportionate parts of the amount for which the property was sold at the tax sale, or of taxes subsequently paid.

It is conceded, however, that the revenues derived by N. S. Tyson from the property, during the years 1934 and 1935, prior to his death in 1936, exceeded the amounts expended by him in purchasing the property at tax sale on June 21, 1928, and in paying the taxes thereon subsequent to the tax sale.

Defendants, plaintiffs in the petitory action, pray:

That they be recognized as owners and placed in possession of their respective interests in the property.

That the tax deed to N. S. Tyson, dated June 21, 1928, be annulled, cancelled and ordered erased from the records insofar as it affects plaintiffs.

That plaintiffs, defendants in the petitory action, be ordered to render an accounting of all income of every kind and nature derived from the property, and that defendants, plaintiffs in the petitory action, have judgment for their respective interests therein as for money had and received.

Plaintiffs, defendants in the petitory action, admit that the right of a co-owner of land sold for taxes to another co-owner, to be reinvested with title, upon reimbursement of his share of the selling price and all subsequent taxes, rests on equitable considerations, but should be exercised within a reasonable time.

As stated, in brief of plaintiffs, defendants in the petitory action:

"In our opinion, there is only one question in this case, and that is "what is a reasonable time within which one co-owner may become reinvested with title of which he has been divested by tax sale of his co-owner?" Brief of Plaintiffs, page 5.

Plaintiffs, defendants in the petitory action, rely upon the inactivity of defendants, plaintiffs in the petitory action, for seven years prior to the filing of this suit, but they urge, without specially pleading, estoppel, by laches.

The judgment of the lower court recognized defendants, plaintiffs in the petitory action, as owners of their respective interests, annulled the tax deed insofar as it affects them, and ordered plaintiffs, defend-

ants in the petitory action, to render an accounting of all income from the property within thirty days after the finality of the judgment.

Plaintiffs, defendants in the petitory action, have appealed suspensively from this judgment.

■ (1) Plaintiffs, defendants in the petitory action, argue that seven years is an unreasonable time within which to allow defendants, plaintiffs in the petitory action, to assert their claim to the property, and cite in support of their contention, the cases of Cooper v. Edwards, 152 La. 23, 92 So. 721, and Doiron v. Lock, Moore & Co., 165 La. 57, 115 So. 366, and all cases referred to in those decisions.

It is said by the court in Cooper v. Edwards, supra [152 La. 23, 92 So. 722]:

"When property is sold to one of its joint owners for delinquent taxes, the transaction may be regarded, as far as the co-owners are concerned, as a payment of the taxes, not as a transfer of an indefeasible title. Hake v. Lee & Beall, 106 La. 482, 31 So. 54; Bossier v. Herwig, 112 La. 539, 36 So. 557.

"Each co-owner, even after the expiration of the year that is allowed for any previous owner to redeem a title that has been divested by a tax sale, may be reinvested with the title for his original interest in the property, by paying his share of the price of the adjudication and of all taxes paid subsequently by the co-owner holding the tax title.

"But that right is not founded upon statute law; it is a result of equitable consid-erations, and should be exercised within a reasonable time. A tenant in common, whose property has been sold to a cotenant for delinquent taxes, is not allowed indefinitely to await developments and speculate upon the value of the property, in comparison with the cost of redeeming it. Duson v. Roos, 123 La. 835, 49 So. 590, 131 Am. St.Rep. 375.

"As long as the original co-owner, *under such circumstances,* allows the tax title to remain on record, *he assumes the risk that an innocent third party may buy the property from the holder of the tax title.* Harris v. Natalbany Lumber Co., 119 La. 978, 44 So. 806; Vestal v. Producer's Oil Co., 135 La. 984, 66 So. 334. In each of those cases, it was decided that a *third party, buying the property* from one who, being already the owner of an undivided interest in it, had bought the property for taxes assessed in the name of all of the co-owners, *was protected by the prescription of three years.*" (Italics ours).

In Doiron v. Lock, Moore & Co., 165 La. 57, 63, 64, 115 So. 366, the Court said: "One of the muniments of title set up by the defendants is a tax deed whereby Captain Lock, acting for his company, acquired *the undivided interest* of Margaret, or Maggie Cole, in the property. The sale was made on October 17, 1899, by the sheriff of the parish for the delinquent taxes of 1898 under act 170 of that year. The deed was recorded on November 10, 1899." 165 La. at page 63, 115 So. at page 369. (Italics ours.)

"A tax sale is immune from an attack of this character *after the constitutional*

*prescription of three years has accrued and is pleaded."* 165 La. at page 64, 115 So. at page 369. (Italics ours.)

In Harrell v. Harrell, 174 La. 957, 142 So. 138, 140, the court said:

"Defendants have pleaded 3 years' prescription in aid of the tax titles of S. Price Harrell upon which they rely, estoppel, and 10 and 30 years' prescription."

"Not only have more than 37 years elapsed in the present case since the tax sales to S. Price Harrell, under which defendants claim, but the record shows that conditions have materially changed, and that the lands in dispute have become valuable for oil and gas, while at the time of the tax sales they were not worth the taxes assessed against them."

"Our conclusion is that it is too late for the plaintiffs to invoke the equitable doctrine of co-ownership, *because of the great length of time* which has elapsed since the tax sales, *and the change which has taken place in the value* of the property in dispute, *and also for the reason* that the property has passed *into the hands of third parties, not co-owners."* (Italics ours.)

In Ramsey v. Frost-Johnson Lumber Co., 168 La. 657, 123 So. 114, likewise a case involving the rights of *third persons* who had acquired from the tax purchaser, the Court sustained the plea of estoppel and plea of prescription of three years.

In the case of Bossier v. Herwig, 112 La. 539, 36 So. 557, the action was between co-owners, and the plaintiff was permitted to recover.

There were no rights of third persons involved in that case.

In the case of Harris v. Natalbany Lumber Company, 119 La. 978, 44 So. 806, it was held that *a third person* was protected by the prescription of three years.

Nor are the rights of third persons involved in the case at bar, the litigation being between co-owners.

We have not been cited to a single case where the co-owner has been debarred recovery of his interest, for mere lapse of time, unless a third person had acquired his interest and was protected by the prescription of three years, or unless there were other grounds upon which to base a plea of estoppel.

It was held in the case of In re Quaker Realty Company, 127 La. 208, 53 So. 526, an action to confirm a tax title, and in which defendant argued the question of estoppel, that: "Estoppel is a defense which should be *specially pleaded* in a case of this kind where title to real estate is involved." See also Hebert v. Champagne, 144 La. 659, 81 So. 217.

But in the case at bar, plaintiffs, defendants in the petitory action, urge, without specially pleading, estoppel by laches against the demand for cancellation of the deed.

Even if the plea of estoppel was properly before the court for consideration, it is clear that the mere lapse of seven years, without redemption of the property, cannot be made the basis for the plea, in the absence of other facts, showing that defendants, plaintiffs in the petitory action, must

have known that the property had been sold and that they had an interest therein, and, in effect, acquiesced in the sale, or there must be some other act evidencing an intention on their part to renounce their interest in the property.

But, as stated by the trial Judge in his opinion:

"There is no such evidence in the record that these claimants knew anything about having an undivided interest in the property at the time of the tax sale, or that they acquired such knowledge before 1935.

"The land in controversy consists of only five acres, which counsel informs the Court was not in possession of any one at the time of the tax sale. It appears that one of the claimants is an interdict, and from the citations addressed to claimants it appears that they resided near Shreveport and the land is located near the Arkansas line, about forty-five miles from Shreveport. It further appears from the tax receipts that the amount of taxes due by each of the claimants was as follows:

"1927—5 cents
"1928—5 cents
"1929—4.5 cents
"1930—4.6 cents
"1931—value not given
"1932—6.4 cents
"1933—7.5 cents

"It hardly seems reasonable that if these claimants had been advised of their interest in the land in question they would not have renounced same for the small sum of five or six cents per year. While the courts hold that such claimants have only an equitable right to refund to their co-owner the amount of taxes paid by him for them, certainly equity must be done by such co-owner who purchased the property. There is no evidence in the record to show that he will suffer any loss by returning to claimants their interest in the property, and likewise without some evidence of acquiescence on the part of claimants they should not be denied their interest in the property."

We approve the above quotation from the opinion of the trial Judge and adopt the same as a part of the opinion in this case.

Judgment affirmed.

On Application for Rehearing.

PER CURIAM.

On application for rehearing counsel say we erred in holding that plaintiffs should have specially pleaded estoppel by laches to the petitory claims of defendants, asserted by way of answer.

Our opinion, when read and construed as a whole, does not warrant the assumption that we intended to hold that a plaintiff, in a case of this kind, may not urge orally, at the trial, without otherwise pleading, any objection to the title set up in defendant's answer. The opinion shows that we considered the estoppel urged by counsel, although estoppel was not specially pleaded.

On the merits our opinion is correct.

Rehearing refused.