153 So.2d 140 (1963)
Ida C. AIRHART, Plaintiff and Appellee,
v.
Edmond N. AIRHART, Defendant and Appellant.
No. 821.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1963.
Rehearing Denied May 28, 1963.
*141 Kaufman, Anderson, Leithead, Scott & Boudreau, by James A. Leithead, Lake Charles, for defendant-appellant.
Nathan A. Cormie and Fred R. Godwin, Lake Charles, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPER, JJ.
CULPEPPER, Judge.
The plaintiff, Mrs. Ida C. Airhart, filed this jactitory action on July 21, 1960 against her husband, Edmond N. Airhart, and her son, Allan J. Airhart, alleging that the defendants had disturbed her possession of a certain piece of her paraphernal realty, and slandered her title thereto, through the execution of an act of exchange between the defendants in which plaintiff's husband asserted that the property belonged to the community of acquets and gains existing between him and plaintiff. The act of exchange was later rescinded by the defendants and the suit was dismissed as to Allan J. Airhart. The defendant, Edmond N. Airhart, filed an exception of no right of action on the grounds that a wife may not sue her husband during the marriage in this type of suit. This exception was overruled. Defendant's answer converted this suit into a petitory action with the husband as plaintiff and the wife as defendant.
After trial on the merits the district judge held for the wife on the grounds that the husband, by his subsequent execution of two notarial acts, acknowledging that the subject property was purchased with the wife's separate funds for her separate estate, thereby estopped himself from contending that the property belonged to the community of acquets and gains. The husband appealed.
The first issue is raised by the exception of no right of action filed by the husband on the grounds that since plaintiff and defendant are still married, and not judicially separated, the wife may not institute this type of action against her husband. The pertinent statutory provision is LSA-R.S. 9:291 (taken from C.P. Article 105) which states:
"As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
"(1) A separation of property;
"(2) The restitution and enjoyment of her paraphernal property;
"(3) A separation from bed and board; or
"(4) A divorce. Added Acts 1960, No. 31, § 2."
We agree with the trial judge that the action of jactitation by the wife was permitted under the provisions of LSA-R.S. 9:291(2) quoted above. Here the wife alleges that the property in question is her separate property and that her husband is disturbing her possession and enjoyment *142 thereof. As the trial judge stated, "One cannot imagine a case in which this provision could more correctly be applied, because if the wife is not entitled to bring this present action, she will, in fact, be deprived of the possession and" "enjoyment of her separate property." The exception of no right of action was correctly overruled.
Before addressing ourselves to the merits of the issue of estoppel, we must consider the husband's contention that this issue is not before the court because it has not been specially pleaded by the wife. As noted above, the wife instituted this suit as a jactitory action. The husband answered asserting title in the community, thereby converting the suit into a petitory action with the husband as plaintiff and the wife as defendant. The wife filed no further pleadings specially alleging the husband's estoppel by deed, but during the trial she introduced evidence to support such an estoppel and she argued it in her brief.
In considering this very interesting question, we note particularly that the wife filed her jactitory action on July 2, 1960 and the husband filed his answer on October 13, 1960, converting the suit into a petitory action. Both dates preceded January 1, 1961 on which our new Code of Civil Procedure became effective. We are therefore not concerned with the possible contention that the husband's conversion of the suit into a petitory action constituted a reconventional demand which, under the new Code of Civil Procedure requires an answer. LSA-C.C.P. Articles 3657, 1061, 1031, 1035 and 852. Since the husband's answer was filed before the effective date of the Code of Civil Procedure, the legal effect of this procedural act was not changed by the new code. See Act 15 of 1960, Section 4(B) (1) (b), found in LSA C.C.P. Vol. 1, page 748.
In deciding the present issue of whether the wife was required by answer, replication or further pleading to specially plead estoppel, our procedural law as it existed before the effective date of our new Code of Civil Procedure is controlling here. That law is set forth in the case of Tyson v. York, 192 La. 373, 188 So. 33 (1939) in which the Tysons filed a jactitory action and the Yorks answered converting the suit into a petitory action. At the trial, and in argument, the Tysons urged estoppel without specially pleading it. On rehearing, our Supreme Court held squarely that in a case of this kind the original plaintiff in the jactitory action may urge estoppel without specially pleading it.
The facts relative to the merits of the issue of estoppel show that plaintiff and defendant, Edmond N. Airhart, were married in 1903 and have lived together as husband and wife since that time. On April 15, 1939 Mrs. Sarah Dawkins, et al. conveyed to Mrs. Ida C. Airhart, for a cash consideration, the property in question, described as Lot 6 of the W. W. Blackman Subdivision, etc. This deed contains no recital that the property was purchased with Mrs. Airhart's separate funds for her separate estate. Furthermore, the deed is not signed by Mr. Airhart in any capacity whatsoever.
Subsequently, Mrs. Airhart dedicated a right of way for a street across the property and thereafter a question arose as to whether this dedication, signed by her alone, was valid. On June 11, 1956, Mr. Airhart signed a notarial instrument reading in part as follows:
"Some question has arisen as to whether or not the right of way for the street should not have been signed by both of appearers herein, and for this reason, appearers declare that they both had knowledge of the giving of the right of way of the above street along the South side of the above described lot, and they ratify and confirm said right of way for said street.
"That appearer, Edmond N. Airhart, further declared that Lot six (6) of *143 the W. W. Blackman Subdivision, as above described, is his wife's Mrs. Ida C. Airhart's separate property, and that he has no interest whatsoever in same, and that all deeds signed and executed by her would give full and complete title to said property without his signature."
In 1958 Mrs. Airhart agreed to sell a portion of the property in question to a Mr. Cox, whose attorney examined the title and required that Mr. Airhart execute a further instrument disclaiming any interest in the property. Accordingly, on August 23, 1958, Mr. Airhart signed a "Disclaimer" containing the following statement:
"That appearer hereby declares that the property described herein above was purchased with his wife, Ida C. Airhart's separate funds, under her separate management and control, for her separate estate, and he individually as head and master of the community of acquets and gains then and presently existing between him and his said wife, makes this declaration to renounce and forever repudiate any and all right, title or interest that the document might establish or lead any party to believe has been established in him or the community of acquets and gains existing between him and his wife at the time of her purchase of the above described property."
Under the above facts it is clear that the property acquired by the wife during the existence of the community of acquets and gains is presumed to belong to the community. LSA-C.C. Art. 2402; Prince v. Hopson, 230 La. 575, 89 So.2d 128; Cameron v. Rowland, 215 La. 177, 40 So.2d 1. The jurisprudence is likewise firmly established that even though property is acquired by the wife during the existence of the community, the husband may be estopped to deny its paraphernality where he signs, even as a witness, his wife's deed of acquisition in which it is declared that the consideration belonged to the wife separately and that the property was being purchased for her separate estate. See Monk v. Monk, 243 La. 429, 144 So.2d 384 and the many cases cited therein. However, in the present case the husband did not sign the wife's deed of acquisition but instead signed two subsequent notarial acts acknowledging that the property was purchased with the wife's separate funds, under her separate administration, for her separate estate.
Counsel have not cited, nor have we been able to find any Supreme Court case squarely on this point. At the time our learned brother below decided this case, the Second Circuit Court of Appeal had just rendered Monk v. Monk, 134 So.2d 598 (2nd Cir.App.1961) which did hold squarely that it was not essential to such a plea of estoppel that the husband sign the wife's deed of acquisition. In the Monk case the husband did not sign the wife's deed of acquisition, but the facts showed that he negotiated the purchase of the property, told the notary how to draw the deed, including the language that the property was purchased with the wife's separate funds, and then had the deed recorded in the conveyance records. Thirty years later the husband and wife were divorced and the husband filed suit against his former wife seeking to establish the title as belonging to the community. Although the husband had not signed the wife's deed of acquisition, nor any other instrument acknowledging the paraphernality of the property, the Second Circuit Court of Appeal held under the facts that the husband was estopped.
As is shown in Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962) our Supreme Court granted writs in the Monk case and reversed the Court of Appeal, but it is our understanding of the Supreme Court's decision that they based their reversal on the facts and not on the law. Our Supreme Court held the evidence showed that Mr. Monk had, during the marriage signed certain mineral leases indicating that he did *144 claim ownership of an interest in the land. The court concluded as follows:
"This reflects the plaintiff has, consistently from November 15, 1937, during the existence of the community, and thereafter, until this suit was filed on September 17, 1958, treated this property as property in which he owned an interest.
"Inasmuch, therefore, as the plaintiff did not sign the deed of 1928 in any capacity whatsoever, and for the further reason that defendant failed to allege and prove she was, by acts or inducements of either omission or commission, influenced to act to her harm or prejudice, or that she has been made to rely to her detriment or change her position in any way by any misrepresentations made by the plaintiffessential and sacramental elements for the maintenance of such a pleadefendant's plea of estoppel, as well as the exceptions of no right and no cause of action predicated on the same argument, should have been, and are, hereby, overruled."
Our Supreme Court did not hold, in the Monk case, that the husband must sign the wife's deed of acquisition to be estopped. Actually, if the Supreme Court had wanted to hold that the husband could in no case be estopped unless he signed the wife's deed of acquisition, it could have expressed this rule of law and very easily disposed of the case in that manner. It did not choose to do so, but instead reversed the Court of Appeal on a question of fact. From this decision, we think it reasonable to conclude that if our Supreme Court is faced squarely with the question, it will hold that it is not absolutely necessary that the husband sign the wife's deed of acquisition, but that he may likewise be estopped by executing subsequent instruments acknowledging the paraphernality of the property.
We think further that logic supports our conclusion. To hold otherwise would give judicial approval to a technicality which has no basis in reason. We can see no possible reason for distinguishing between a situation where a husband signs the wife's deed of acquisition and a situation where he signs subsequent notarial recorded acts acknowledging the paraphernality of the property. The reason for this type of estoppel by deed, as set forth by our Supreme Court in the Monk case, is the public policy of this state that there be security of titles to land. This reason will certainly be served as well by the husband signing recorded instruments of disclaimer.
Likewise, equitable considerations support our conclusion. Where the husband, with full knowledge and acquiescence in the contents of an instrument, acknowledges certain realty to be the paraphernal property of his wife, he should be estopped from repudiating his own voluntary statement. To hold otherwise would be to condone his lack of good faith. It is noteworthy that in this case no third parties are involved and the husband has failed to allege or prove that in signing these solemn acknowledgments he was influenced by any fraud, error or duress. He, personally, should certainly be estopped.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.

An Application for Rehearing.
En Banc. Rehearing denied.