292 So.2d 870 (1974)
A. F. FRAZER
v.
Warren DAY, Individually, and as Administrator of the Estate of the minor, Darlene Day.
No. 9725.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
Rehearing Denied April 22, 1974.
Writ Granted May 31, 1974.
*871 David E. Hogan, New Orleans, for appellant.
Marilyn A. Boothe, New Orleans, for plaintiff-appellee; and Michael J. Paduda, Jr., Bogalusa, for third party plaintiff, Covington Country Club.
Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
On December 20, 1970, A. F. Frazer parked his 1965 Pontiac automobile on the parking lot of the Covington Country Club which is near the Tchefuncta River. On the same day and soon thereafter Darlene Day, the minor daughter of Warren Day, gained entry into Mr. Frazer's automobile; and while Miss Day was therein, the vehicle began moving down a slight slope toward a boat ramp adjacent to the Tchefuncta River and rolled into the River, where it was submerged. Miss Day was rescued from the vehicle after it rolled into the River, but before it sank. The plaintiff, A. F. Frazer, filed this suit against Warren Day to recover the sum of $3,066.17, representing the property damages he alleges he sustained as the result of his automobile becoming submerged in the River.
The plaintiff alleged that Darlene Day negligently manipulated the gears and controls of the Pontiac automobile and caused it to roll into the River and become submerged. Warren Day, individually, and as the administrator of the estate of his minor daughter, Darlene Day, filed an answer and joined by Mrs. Warren Day reconvened on behalf of their minor daughter, Darlene Day, for damages alleged to have been sustained by their daughter, Darlene, as a result of plaintiff's automobile rolling into the Tchefuncta River *872 while their daughter was in the vehicle. They alleged plaintiff was negligent because of the manner in which he parked his vehicle. Furthermore, Warren Day and Mrs. Warren Day, as third party plaintiffs on behalf of their minor daughter, Darlene Day, made the Covington Country Club a third party defendant. They alleged negligence on the part of the third party defendant in allowing vehicles to park in a dangerous area without posting warning signs. Other pleadings were filed, including an exception of no cause or right of action filed by Warren Day, and a plea of prescription filed by Darlene Day. The record fails to disclose that any of the exceptions were disposed of prior to trial on the merits.
After a trial on the merits the reconventional demand against plaintiff was dismissed, and the third party suit against the Covington Country Club was dismissed. There was further judgment in favor of plaintiff, A. F. Frazer, and against the defendant, Warren Day, individually, and as adminstrator of the estate of Darlene Day, in the full sum of $1,250.00, with legal interest from judicial demand until paid.
From this judgment the defendant, Warren Day, has taken a suspensive appeal, contending that the trial court erred when it awarded a judgment against him. Counsel also complains that the trial court erred in not allowing Darlene Day to enter this suit and become a proper party thereto since she had previous to the trial attained the full age of majority. However, Darlene Day has not appealed, and no one has appealed in her behalf. Therefore, the only issue before this court is whether the judgment rendered against Warren Day is valid.
After trial of the case on the merits the trial court dictated the following into the record:
"The Court finds that this accident was caused by the negligence of Darlene Day.
The Court believed that she was fooling around "with the gear shift and put the car out of gear somehow.
The Court further believes that Miss Day was drinking prior to this accident.
While the Court is not convinced she was drunk out of her mind, or anything of this nature, she was certainly under the influence at the time this car started rolling down the hill. The Court believed that actually she wasn't aware that the car was moving, but it is apparent that if she hadn't been in the condition she was, she could have done something to have helped herself.
I find no negligence on the part of Mr. Frazer in parking the automobile there.
Accordingly, the Court will dismiss the reconventional demand brought on behalf of Miss Day, by her father, Warren Day.
The Court grants a judgment in favor of A. F. Frazer, Jr., in the sum of $1,250.00, defendant to pay all costs."
The undisputed evidence shows that Finley Frazer on December 20, 1970, parked his 1965 Pontiac automobile on the parking lot of the Covington Country Club. He parked it facing the Tchefuncta River. The lot where the vehicle was parked slanted slightly toward the River. Mr. Frazer, accompanied by Miss Nancy Roderick, had gone to the Covington Country Club to attend a Christmas dance. After parking, Mr. Frazer got out of the automobile. Miss Day and her date, Mr. John F. Felkner, III, met them and after talking a few minutes Miss Roderick got out of the automobile, and Miss Day entered it on the passenger's side. She said Miss Day moved the gear shift and the car started rolling. After reviewing the evidence, we are convinced that Miss Day moved the gear shift of the vehicle and caused it to roll into the river. We concur in the finding *873 of the trial judge that the accident was caused by the negligence of Miss Darlene Day.
There is no showing of negligence on the part of Warren Day, unless the negligence of his minor daughter, Darlene Day, can be imputed to him. Warren Day was not involved in the accident. He was not present. The defendant, Warren Day, contends that he was an improper person to be made a defendant. He contends that he was not liable for the negligence of his minor daughter, because he had been deprived of her custody and care by virtue of a judgment rendered by the Twenty-Fourth Judicial District Court for the Parish of Jefferson, on October 26, 1970, as an adjunct to a suit for separation from bed and board filed by his vife against him, in the matter entitled "Merle Veronica Day versus Warren Joseph Day", Docket No. 129-822 of said Court. He argues that Miss Day's mother, Merle Veronica Day, having been granted the custody of their minor daughter in the separation proceedings, became responsible for her acts under the provisions of LSA-C.C. Article 2318, which reads as follows:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons. The same responsibility attaches to the tutors of minors."
In Tripoli v. Gurry et al., La.App., 187 So.2d 540, the court held that a mother who had been granted the custody of her minor child in a separation proceeding was the natural tutrix of the child and could be held responsible for damages caused by the child, although the mother had never formally qualified as a tutrix. In the Tripoli case, the court relied on the provisions of LSA-C.C. Articles 250 and 253, as well as LSA-C.C. Article 2318. LSA-C.C. Article 250, as amended by Act 196 of 1924, provides:
"Upon the death of either parent, the tutorship of minor children belongs of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted.
All those cases are called tutorship by nature."
The record clearly shows that custody and control of the minor, Darlene Day, was entrusted to her mother, Merle Veronica Day, in the separation proceedings mentioned above. Under the provisions of LSA-C.C. Article 250, the tutorship of the minor, Darlene Day, belongs of right to the mother. The applicable portion of LSA-C.C. Article 253, reads as follows:
"The mother is not compelled to accept the tutorship of her minor children, but in case she refused, she shall be bound to fulfill the duties of a tutor, until she has caused a tutor to be appointed."
Mrs. Day has not caused a tutor to be appointed to her daughter. When the court granted her the custody of her daughter, she was bound to fulfill all the duties of a tutor. Under the provisions of LSA-C.C. Article 2318, Mrs. Merle Veronica Day, as the tutrix of her daughter, Darlene, became responsible for damages occasioned by her daughter.
Under the provisions of the foregoing statutes, Warren Day is not responsible for the damages caused by the negligent acts of his minor daughter. But the plaintiff-appellee contends that defendant-appellant, Warren Day, is estopped to deny liability for the negligent acts of his daughter because of the judicial admissions made by him in his pleadings. Warren Day, individually, and as the administrator of the estate of his minor daughter, filed an answer to this suit and brought a reconventional demand and third party complaint on behalf of his daughter.
*874 Although the defendant, Warren Day, declared that he was the administrator of the estate of his minor daughter, in truth and in fact he was not the administrator of her estate, under the plain provisions of LSA-C.C. Articles 250, 253 and 2318. The plea of estoppel is an equitable remedy. It cannot be permitted to prevail when in conflict with and opposed to the posititive written law. It is applicable only in the absence of express law. LSA-C.C. Article 21; Port Finance Co., Inc. v. Ber, La.App., 45 So.2d 404. As a general rule estoppels are not favored by Louisiana courts. In the case of Harvey v. Richards, 200 La. 97, 7 So.2d 674, the court said:
"The cases holding that estoppels are not favored by our courts are legion in our jurisprudence. Whenever estoppel is pleaded as an element of a cause of action, it must be pleaded specifically, the burden of proving the facts upon which the estoppel is founded, as well as the affirmative showing that he was misled by the acts and forced to act to his prejudice, resting upon the party invoking the doctrine. Heirs of Wood v. Nicholls, 33 La.Ann. 744; Thomas v. Blair, 111 La. 678, 35 So. 811; Hebert v. Champagne, 144 La. 659, 81 So. 217."
In 21 C.J. 1150, Section 154, we find:
"Mere silence of itself will not raise an estoppel. To make the silence of the party operate as an estoppel of the circumstances must have been such as to render it his duty to speak, and there must also be an opportunity to speak. And it is essential that he should have had knowledge of the facts, and that the adverse party should have been ignorant of the truth, and have been misled into doing that which he would not have done but for such silence." See also, 31 C.J.S. Estoppel § 87.
After considering the pleadings and all of the evidence as well as the law applicable thereto, we are of the opinion the plaintiff has failed to carry the burden of proving facts on which his plea of estoppel should be sustained.
For the reasons assigned, the judgment complained of is reversed and set aside, and plaintiff-appellee's suit dismissed at his cost.
Reversed.